**TAESALIALII of Utulei, Plaintiff**

**v.**

**TULOTO and PAUESI of Utulei, Defendants**

No. 8-1954

High Court of American Samoa

Civil Jurisdiction, Trial Division

May 19, 1954

Heard at Fagatogo on May 6, 1954 before MORROW, *Chief Judge, Associate Judge* LETULIGASENOA and *Temporary Associate Judge* FUATA.

Malaetia and Samuela, counsel for Taesalialii.

S. Lutu, counsel for Tuloto and Pauesi.

OPINION OF THE COURT

MORROW, *Chief Judge.*

The complainant Taesalialii, hereinafter called Taesali, filed his petition asking for an injunction to restrain Tuloto and Pauesi, respondents, from erecting a house on certain land in the village of Utulei.

At the hearing it appeared to the Court from the weight of the testimony that four matais, namely Lutu, Taesali, Afoa and Tupua are jointly the head of the Lutu, Taesali, Afoa and Tupua clan; that such clan is a larger clan made up of the membership of four smaller clans one of which Lutu is the matai, another of which Taesali is the matai, another of which Afoa is the matai, and the other of which Tupua is the matai. The evidence clearly indicated that the larger clan composed of the members of the four smaller clans is the owner of the certain lands in Utulei and Fagatogo; and it further indicated that while the land is still the property of the larger clan headed by the four matais, nevertheless, there was a division of its possession by the matais, approved by each of the clans, such division giving to the Taesali clan the right of possession of a certain part of the land; to the clan headed by Lutu the right of possession of another part; to the clan headed by Afoa the right of possession of another part; and to the clan headed by Tupua the right of possession of a fourth part. In other words, the right of possession of the entire property of the

134

larger clan was divided among the four smaller clans, but not the ownership of the property itself.

That there is communal ownership of the property by the larger clan as such is quite clear to us from the fact that in 1941 Tupua, Taesali, Lutu and Afoa, acting as matais and for their respective families, deeded certain land in Utulei, which was originally a part of the land the possession of which had been divided, to the Government of the United States. Furthermore, the testimony clearly shows communal ownership of the property by the larger clan composed of the members of the four smaller clans.

Lutu has leased a part of the land, the right of possession of which was given to the Lutu clan in the division, to Ronnie Pritchard, and the rent is paid to him for the use of himself and the Lutu clan. The other three clans get no part of the rent. Some years ago Taesali leased the very land on which the respondents have started to build their house to one Viliamu Reid and he received the rent for the use of himself and members of the Taesali clan. The other three clans headed by Lutu, Afoa and Tupua, respectively, received no part of the rent. Lutu people are assigned land by Lutu for their use in the tract or tracts owned by the larger clan, possession of which tract or tracts was given to the Lutu clan. Taesali, as matai of the Taesali clan, assigns land for the use of the Taesali family members from the land owned by the larger clan, the possession of which was given to his clan in the division of possession. And Afoa assigns land for the use of Afoa family members from lands, the possession of which was given to Afoa clan in the division. And the Tupua likewise assigns land to Tupua family members, the possession of which was given to the Tupua clan in the division. We believe from the evidence that the division of the right of possession was made prior to the establishment of the Government in 1900.

The respondents Tuloto and Pauesi are members of the Afoa Family, Tuloto by blood and Pauesi through marriage to Tuloto. After their marriage Pauesi came to live with Tuloto on land assigned to them by the Afoa in the tract or tracts owned by the larger clan, the possession of which was given to the Afoa clan pursuant to the old agreement of division of possession.

It is the custom in Samoa for the matai of a family to assign a piece of family land to each of the various members of their family for his use. Section 2 of the Code provides among other things that "The customs of the Samoans not in conflict with the laws of American Samoa shall be preserved." There is no statutory law of American Samoa or of the United States in conflict with this custom. We believe that pursuant to Samoan custom the Tupua family members as such have the right to have their matai assign to each of them a part of the lands owned by the larger clan of which the four matais are the head and the possession of which was given to the Tupua clan. And likewise a member of the Afoa family has a right to have assigned to him by the Afoa a part of the land owned by the larger clan as such and the possession of which was given to the Afoa clan in the division of possession. And the same with respect to members of the Lutu family and the Taesali family. We do not believe that under the customs of the Samoans a member of the Afoa family has the right to take possession of and use a part of the land of the larger clan, possession of which was given to the Taesali clan in the division of possession, unless Taesali acting for himself and his clan consents.

It is clear to us from the evidence that only Lutu has consented to the occupation by Tuloto and Pauesi of the land on which they have started to build their house, which land is a part of the land of which the Taesali clan was given possession in the division. Taesali has objected to the

building of the house. Tupua was not consulted. It further appears very doubtful whether the Afoa has consented.

Since Tuloto and Pauesi already have a right to occupy and have been assigned a part of the lands, the possession of which was given to the Afoa clan pursuant to the agreement, we conclude that under Samoan custom they have no right to occupy the land on which they seek to build their house without the consent of Taesali representing his clan. Taesali is entitled to an injunction restraining Tuloto and Pauesi from building a house on the land of the larger clan, the possession of which was given to the Taesali clan pursuant to the agreement dividing possession.

Costs in the sum of $18.00 are hereby assessed against Tuloto and Pauesi, the same to be paid within 30 days.